UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY KORKIS,

 Plaintiff,

v.

COLLECTION ASSOCIATES, LTD.,

 Defendant.

Case No. 1:21-cv-00323

## COMPLAINT

**NOW COMES** Plaintiff, MARY KORKIS, through undersigned counsel, complaining of Defendant, COLLECTION ASSOCIATES, LTD., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MARY KORKIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 9048 West Emerson Street, Des Plaines, Illinois 60016.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. COLLECTION ASSOCIATES, LTD. ("Defendant") is a corporation organized and existing under the laws of the state of Wisconsin.

1

7. Defendant has its principal place of business at 225 South Executive Drive, Suite 250, Brookfield, Wisconsin 53005.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On September 7, 2018, Plaintiff received medical treatment from North Suburban Surgical Consultants at a cost of $377.46.

11. Plaintiff's $377.46 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. As result of financial hardship, Plaintiff was not able to make payment(s).

13. On August 31, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

14. On December 15, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

15. A Chapter 7 discharge relieves the debtor of personal liability for all claims or debts that arose before the filing of the petition, except for those specified under 11 U.S.C. § 523. 11 U.S.C. § 727(b).

16. On or before January 13, 2021, Plaintiff's $377.46 balance was referred for collection.

---

[1] Collection Associates, Ltd. has a large and diverse client base, and is willing and able to help anyone recover money to which they are justly entitled. Since its inception in 1982, Collection Associates, Ltd. has built its business on healthcare collections. The company has unparalleled expertise handling all aspects of healthcare collections, including handling complex workers' compensation and liability cases and dealing with debtors who are represented by attorneys. http://collectionassociates.net/Services.html (last accessed January 20, 2021).

17. Defendant mailed Plaintiff a letter, dated January 13, 2021 (the "Letter"), which stated:

**Past Due Balance**

Account of: North Suburban Surgical Consultants

| Last Activity | Account Number | Balance |
|---|---|---|
| 09/07/2018 | CA406156 | $377.46 |

Dear Mary Korkis:

This account has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from current creditor.

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org

Sincerely,
Collection Associates, LTD.

18. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## **DAMAGES**

19. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

20. Indeed, the United States Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every

bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

21. Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

22. Defendant's unlawful collection practices deprived Plaintiff of one of her fundamental protections and led Plaintiff to believe her bankruptcy was for naught, causing anxiety and extreme emotional distress.

23. The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings—without feeling harassed.

24. Concerned with having had her rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

26. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt.

4

>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. The January 13, 2021 Letter to Plaintiff asserted that Plaintiff's debt to North Suburban Surgical Consultants was due and demanded that Plaintiff pay the debt.

28. But at the time of the January 13, 2021 Letter, Plaintiff's debt to North Suburban Surgical Consultants was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

29. It seems clear, then, that the January 13, 2021 Letter misrepresented the legal status of Plaintiff's debt to North Suburban Surgical Consultants in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

### Violation of 15 U.S.C. § 1692f

30. Section 1692f provides:

>   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

32. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $377.46 balance to North Suburban Surgical Consultants) not permitted by law - 11 U.S.C. § 524(a)(2).

33. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 20, 2021                               Respectfully submitted,

**MARY KORKIS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com